# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN J. RICHSON-BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>WATROUS, et al.,<br><br>    Defendants. | **1:21-cv-01482-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHREY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).**<br><br>**(ECF No. 1.)**<br><br>**30 DAY DEADLINE** |

     Plaintiff, Sean J. Richson-Bey, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains of having been wrongly charged and found guilty of delaying a peace officer in the performance of duties after being issued a Rules Violation Report ("RVR"). (ECF No. 1.) Plaintiff alleges that he is completely innocent of this charge; that he was not allowed to present a defense; and that he was found guilty of the Rules Violation and assessed thirty days loss of credit. Plaintiff seeks an order declaring that his constitutional rights were violated and awarding him monetary damages.

     When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's finding of guilt under the RVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **November 12, 2021**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE