UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN RICHSON-BEY,<br><br>      Plaintiff,<br><br>  vs.<br><br>WATROUS, et al.,<br><br>      Defendants. | **1:21-cv-01482-GSA (PC)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br>**(ECF No. 9.)** |

       Plaintiff, Sean J. Richson-Bey, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 12, 2021, the court issued an order to show cause requiring Plaintiff to respond within thirty days showing why this case should not be dismissed as barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  (ECF No. 9.)  On December 2, 2021, Plaintiff filed a response to the order to show cause.  (ECF No. 10.

       In Heck and its progeny, the Supreme Court held tha, where a judgment in a prisoner's favor on § 1983 action would necessarily imply the invalidity of the prisoner's sentence or conviction, the prisoner's claim is not cognizable until he demonstrates that the sentence or conviction has been invalidated.  Heck, 512 U.S. at 486-87.  This rule usually applies where a

prisoner seeks to invalidate a disciplinary determination that carried a forfeiture of behavioral credits because a finding in the prisoner's favor would invalidate the credit forfeiture and thus reduce the sentence. Edwards v. Balisok, 520 U.S. 641, 644 (1997). However, the Court of Appeals for the Ninth Circuit has noted that application of Heck's favorable termination rule "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). Thus, where behavioral credits do not necessarily impact the prisoner's sentence (because, for example, he is serving an indeterminate life sentence), the prisoner may challenge a forfeiture of credits in a civil rights action. Roman v. Knowles, 2011 WL 3741012, *11-12 (S.D. Cal. June 20, 2011) (explaining why Heck does not bar a challenge to a disciplinary finding with credits forfeiture brought by a California inmate serving an indeterminate life sentence); see Nettles v. Grounds, 2016 WL 4072465 (9th Cir. July 26, 2016) (*en banc*) (holding that § 1983, not habeas, is the appropriate vehicle for challenging disciplinary findings that did not necessarily lengthen the prisoner's sentence).

Here, Plaintiff suffered a forfeiture of thirty behavioral credits and has not obtained a reversal of the disciplinary finding. However, Plaintiff has notified the court in his response to the order to show cause that he is serving an indeterminate term of twenty-six years to life. (ECF No. 10.at 2:16-22.) Plaintiff argues that a successful challenge under § 1983 will not have a sure impact on the length or duration of his sentence required to trigger the favorable termination rule pursuant to Heck and Balisok. (Id.)

Plaintiff is correct that as a life-term prisoner the loss of good-conduct credits will have no effect on his maximum sentence and thus the favorable termination rule is inapplicable to his due process claim. See Ramirez, 334 F.3d at 858 ("[W]here . . . a successful § 1983 action would not necessarily result in an earlier release from incarceration . . . the favorable termination rule of Heck and Edwards does not apply."); see also Thomas v. Wong, No. C 09–0733 JSW (PR), 2010 WL 1233909, at *3–4 (N.D. Cal. Mar.26, 2010) (holding that habeas jurisdiction was absent because the disputed rules violation, which imposed a 30–day loss of time credits, did not inevitably affect the duration of petitioner's indeterminate sentence; dismissing the habeas action

without prejudice to petitioner bringing his claims in a § 1983 action).  Accordingly, the court shall discharge the order to show cause.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that the court's order to show cause, issued on November 12, 2021, is discharged.

IT IS SO ORDERED.

Dated:   **December 6, 2021**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE