# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN J. RICHSON-BEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WATROUS, et al.,<br><br>　　　　Defendants | 1:21-cv-01482-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO WITHDRAW CONSENT BE GRANTED**<br><br>**(ECF No. 8.)**<br><br>**OBJECTIONS DUE IN FOURTEEN DAYS** |

**I.     BACKGROUND**

　　Plaintiff, Sean J. Richson-Bey, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 5, 2021.  (ECF No. 1.)  On February 22, 2022, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 13.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On August 12, 2022, Plaintiff filed a motion to withdraw his consent to the jurisdiction of a Magistrate Judge. (ECF No. 17.) Plaintiff also filed a fully executed "Decline" to consent form dated August 8, 2022. (ECF No. 18.)

**II.     CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE**

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). This right can be waived, allowing parties to consent to trial before a magistrate judge. Dixon at 479-480; Pacemaker at 542; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).

"Good cause" and "extraordinary circumstances" are high bars that are difficult to satisfy. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019). "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." Id. The Ninth Circuit has recognized that this good cause or extraordinary circumstances requirement is designed to prevent litigants from shopping between a magistrate and a district judge by, for example, withdrawing consent because of "dissatisfaction with a magistrate judge's decision." Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div., No. 3:20-CV-00108-TMB, 2022 WL 3212326, at *2 (D. Alaska Aug. 9, 2022). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480.

However, in Gilmore, the Ninth Circuit held that "a party need not satisfy the good cause or extraordinary circumstances standard provided in § 636(c)(4) in order to withdraw consent *before all parties have consented*." Gilmore v. Lockard, 936 F.3d 857, 863 (9th Cir. 2019) (emphasis added). If all parties have not consented, the Court need not consider good cause or

extraordinary circumstances. The Ninth Circuit directed that in those instances, a district court should use its discretion to determine a request to withdraw consent, and the court noted that the majority of courts have allowed such withdrawal in similar cases. See, e.g., Osotonu v. Ringler, No. CIV S-10-2964 DAD P, 2011 WL 1047730, at *5 (E.D. Cal. Mar. 18, 2011); Bowman v. Schwarzenegger, No. CIV S-07-2164 FCD KJM P, 2009 WL 799274, at *1 (E.D. Cal. Mar. 23, 2009), aff'd on other grounds, 334 F. App'x 850 (9th Cir. 2009) ("Because this action has not yet been reassigned to the [magistrate judge] for all purposes including trial, plaintiff may withdraw his consent without demonstrating good cause or extraordinary circumstances"); Page v. State of California, 1:06-cv-01409-LJO-DLB-PC, 2008 WL 3976933, at *2 (E.D. Cal. 2008). Gilmore filed the motion in response to an unfavorable pretrial ruling, but the court found that this alone did not compel a finding that Gilmore's consent was irrevocable for all later dispositive rulings. Gilmore, 936 F.3d at 863 (9th Cir. 2019)

Interpreting the statutory text, the Circuit found that § 636(c) did not apply before all parties had consented. Parks v. Rohlfing, No. 215CV001505KJMCKD, 2019 WL 6683141, at *2 (E.D. Cal. Dec. 6, 2019) (citing Gilmore, 936 F.3d at 63.) Instead, the magistrate judge's authority at the time the plaintiff withdrew his consent was derived from § 636(b)(1)(A), where "a judge [ ] designate[s] a magistrate judge to hear and determine any pretrial matter pending before the court," which does not require good cause or extraordinary circumstances to withdraw consent. Id.

Plaintiff moves to withdraw his consent to the jurisdiction of a magistrate judge filed on February 15, 2022. Together with his motion, he has submitted a fully executed "Decline" to consent form dated August 8, 2022. (ECF No. 18.)

Plaintiff is advised that withdrawal of his consent would not remove the assignment of a Magistrate Judge to his case. If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If Plaintiff or Defendant decline Magistrate Judge jurisdiction, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge made

pursuant to 28 U.S.C. § 636 and Local Rule 302, for non-dispositive matters and for the issuance of Findings and Recommendations on dispositive motions.

Here, like in <u>Gilmore</u>, no other party has appeared in the case or consented to Magistrate Judge jurisdiction before Plaintiff filed his motion to withdraw consent.  There is no evidence of judge shopping, or that Plaintiff is reacting to a particular ruling he disagreed with.  Therefore, Plaintiff's motion to withdraw consent should be granted.

### III.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion to withdraw his consent to the jurisdiction of a Magistrate Judge, filed on August 12, 2022, be granted; and
2. This case shall therefore proceed with the assignment of a district judge and the magistrate judge presently assigned to the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2022**                           **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE